JOSEPH H. HUNT
Assistant Attorney General
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
Aviation, Space & Admiralty Litigation
VICKEY L. QUINN
Trial Attorney, West Coast Office
Aviation, Space & Admiralty Litigation
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 36028
450 Golden Gate Avenue, Room 7-5395
San Francisco, California 94102-3463
Telephone: (415) 436-6645
Facsimile: (415) 436-6632
E-mail: vickey.l.quinn@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: |
| Plaintiff, | IN ADMIRALTY |
| vs. | **VERIFIED COMPLAINT OF THE UNITED STATES** |
| JACK SPENCER STEWART, | |
| Defendant. | |

//

//

//

//

VERIFIED COMPLAINT     1     Case No.:

Plaintiff, the United States of America, alleges upon information and belief as follows:

## GENERAL ALLEGATIONS

1. This is a case of admiralty and maritime jurisdiction against defendant JACK SPENCER STEWART, an individual, as hereinafter more fully appears, and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. The United States expressly reserves the right to amend this Complaint to include, *inter alia*, additional claims and additional parties.

3. The United States is authorized to bring this suit pursuant to 28 U.S.C. § 1345, 33 U.S.C. §§ 1321 and 2717, and 42 U.S.C. § 9613.

4. Venue is properly in this Court pursuant to 28 U.S.C. §§ 1391, 33 U.S.C. § 2717, and 42 U.S.C. § 9613.

5. The United States also brings this action on behalf of the Oil Spill Liability Trust Fund ("Fund"), pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2701 *et seq.*, to recover any and all removal costs and damages incurred directly by the Fund, any removal costs and damages incurred by the Fund through compensation paid to any claimant, and all costs incurred by the Fund by reason of any such claims, including interest, prejudgment interest, adjudicative costs, and attorney's fees.

6. Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2712(f), the United States has acquired by subrogation, or may in the future acquire by subrogation, the rights of any claimant or State paid compensation from the Fund, and the United States specifically reserves the right to amend this Verified Complaint to assert any or all such subrogated rights and claims.

7. At all times material herein, the tug REDWING (hereafter "REDWING" or "Vessel") was a vessel, *inter alia*, owned and operated in the United States and at all times material

herein was within the jurisdiction of this Court.

8. At all times material herein, the tug MECOSTA (hereafter "MECOSTA" or "Vessel") was a vessel, *inter alia*, owned and operated in the United States and at all times material herein was within the jurisdiction of this Court

9. Defendant JACK SPENCER STEWART, pursuant to information or belief, is a resident of Adak, Alaska. At all material times JACK SPENCER STEWART was within this district and within the jurisdiction of this Court, including, but not limited to, through ownership and operation of the REDWING and MECOSTA at the time of, and with respect to, the matters sued upon herein.

10. At all times material herein, defendant JACK SPENCER STEWART owned the REDWING.

11. At all times material herein, defendant JACK SPENCER STEWART operated the REDWING.

12. At all times material herein, defendant JACK SPENCER STEWART managed the REDWING.

13. At all times material herein, defendant JACK SPENCER STEWART demise chartered the REDWING.

14. At all times material herein, defendant JACK SPENCER STEWART controlled the REDWING.

15. At all material times the REDWING was a "vessel" within the meaning of, *inter alia*, the OPA, 33 U.S.C. § 2701(37), and the CERCLA, 42 U.S.C. § 9601(28).

16. At all relevant times, the REDWING contained oil, as such term is defined under the OPA, 33 U.S.C. § 2701 *et seq.*

17. At all relevant times, the REDWING contained hazardous substances, as such term is defined in the CERCLA, 42 U.S.C. § 9601 *et seq.*, and implementing regulations.

18. At all times material herein, defendant JACK SPENCER STEWART owned the MECOSTA.

19. At all times material herein, defendant JACK SPENCER STEWART operated the MECOSTA.

20. At all times material herein, defendant JACK SPENCER STEWART managed the MECOSTA.

21. At all times material herein, defendant JACK SPENCER STEWART demise chartered the MECOSTA.

22. At all times material herein, defendant JACK SPENCER STEWART controlled the MECOSTA.

23. At all material times the MECOSTA was a "vessel" within the meaning of, *inter alia*, the OPA, 33 U.S.C. § 2701(37), and the CERCLA, 42 U.S.C. § 9601(28).

24. At all relevant times, the MECOSTA contained oil, as such term is defined under the OPA, 33 U.S.C. § 2701 *et seq.*

25. At all relevant times, the MECOSTA contained hazardous substances, as such term is defined in the CERCLA, 42 U.S.C. § 9601 *et seq.*, and implementing regulations.

26. At all times material herein, and by reason of the matters alleged in this Complaint, defendant JACK SPENCER STEWART is a "responsible party" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701*, et seq.*

27. At all times material herein, defendant JACK SPENCER STEWART was within the scope of entities specified in the CERCLA, 42 U.S.C. § 9607(a), with respect to hazardous

substances and the matters alleged in this Complaint.

28. For a significant period of time STEWART did not operate the REDWING and MECOSTA and failed to take such actions as were necessary to maintain the vessels in a staunch and seaworthy manner, whether moored or underway, including such actions as would be necessary to maintain short and/or long term safe moorage for the vessels, which, pursuant to a form of contractual relationship, were left untended for long periods and lashed to a structure and/or pier and/or dock owned by another entity.

29. The Gulf of Alaska, and Adak in particular, are particularly and routinely susceptible to easily anticipated and well known weather, sea, wind, and other environmental conditions against which even minimally prudent vessel owners must, as a matter of routine safe marine practice, be prepared to deal with and prepare for.

30. Defendant STEWART failed to exercise due care with respect to the oil and hazardous substances aboard the REDWING and MECOSTA.

31. Defendant STEWART failed to take such care by failing to take into consideration the characteristics of the oil and hazardous substances aboard the vessels in light of all relevant facts and circumstances, including, but not limited to, failing to protect against anticipated and well known weather and environmental conditions, particularly in view of the conditions of moorage and the vessels themselves, and failing to take such other precautions against foreseeable acts or omissions of, *inter alia*, other persons and acts or omissions of such persons, including those with whom the defendant had forms of contractual relationships.

32. On or about December 14, 2015, the tugs REDWING and MECOSTA broke free of their mooring and drifted approximately 600 feet, running aground near a rock jetty (Sweeper Cove near Adak, Alaska), creating a substantial threat of discharge of oil and other hazardous

VERIFIED COMPLAINT 5 Case No.:

substances upon navigable waters of the United States.

33. The United States Coast Guard Sector Anchorage responded to the call that the now-derelict tugs were grounded, unmanned, and contained an estimated 33,000 gallons of fuel and oil, PCBs, and a number of batteries.

34. Defendant JACK SPENCER STEWART did not deny ownership of the tugs REDWING and MECOSTA and initially participated in the response by preparing a pollution removal plan. That plan was rejected by the Coast Guard due to a lack of appropriate safety measures and response equipment.

35. Defendant STEWART declined the opportunity to submit a revised removal plan.

36. On December 16, 2015, the United States Coast Guard Federal On Scene Coordinator ("FOSC") established a Unified Command comprised of both Federal, State, and local stakeholders to deal with the substantial threat of discharge.

37. Defendant STEWART failed to take action to respond to the incident and/or mitigate the substantial threat of discharge.

38. Under authority of the Clean Water Act, 33 U.S.C. § 1321 *et seq.*, the FOSC retained Resolve Towing and Salvage to conduct fuel and hazardous materials removals.

39. Under the authority of the FOSC and Unified Command, the response transferred fuel, oil products, and hazardous substances from the two tugs to the RESOLVE PIONEER.

40. Subsequently, contractors completed the offloading of the oil and hazardous substances at facilities in Dutch Harbor, Alaska (43,585 gallons of JP-5 type diesel; 2,470 gallons of hydraulic, waste, lube, gear, and bilge oil; 2,273 gallons of AFFF fire suppressant; 34 batteries, and PCBs). All tanks on the REDWING and MECOSTA were cleaned and thereafter the contaminated fuel was shipped to a disposal site where they were properly disposed of.

VERIFIED COMPLAINT 6 Case No.:

Case 3:19-cv-00010-SLG Document 1 Filed 01/17/19 Page 6 of 14

41. PCBs and other hazardous substances found aboard each tug comprise hazardous substances within the meaning of CERCLA.

42. The National Pollution Fund Center (NPFC) sent a Notice of Potential Liability (NOPL) letter to defendant STEWART informing him that both the REDWING and MECOSTA were identified as sources of a pollution threat.

43. On May 21, 2018, the NPFC sent invoices to defendant STEWART for $827,717.60 (REDWING-$431,794.88 and MECOSTA-$395,922.72). To date, no payments have been made by defendant STEWART and all such amounts are due and owing.

44. The Complaint does not presently assert claims for civil penalties or Natural Resource Damages. The United States expressly reserves the right to bring such claims by amendment of the Complaint or otherwise.

### AS AND FOR A FIRST CAUSE OF ACTION
### OIL POLLUTION ACT OF 1990

45. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

46. Pursuant to the Oil Pollution Act of 1990, each responsible party for a vessel from which oil is discharged, or which poses the substantial threat of discharge, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States, is strictly liable for all costs, damages, and/or disbursements specified in the Act.

47. Pursuant to the Oil Pollution Act, defendant JACK SPENCER STEWART is liable to the United States of America for all such costs, damages, interest, and/or disbursements, in addition to statutory attorneys' fees allowed under OPA, as a result of the matters alleged herein.

///

///

**AS AND FOR A SECOND CAUSE OF ACTION**
**OIL POLLUTION ACT OF 1990**

48. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

49. Pursuant to the Oil Pollution Act of 1990, the Fund shall be subrogated to all rights, claims and causes of action of claimants to whom it has paid compensation.

50. As a result of the OPA Incidents described herein, the Fund may incur costs, damages, and/or disbursements by reason of claims for removal costs and damages brought against it under the Oil Pollution Act of 1990.

51. Pursuant to the Oil Pollution Act, defendant JACK SPENCER STEWART is liable to the United States of America for all such costs, damages, and/or disbursements which may be sustained by the Fund, in addition to statutory attorneys' fees allowed under OPA, as a result of the matters alleged herein.

**AS AND FOR A THIRD CAUSE OF ACTION**
**OIL POLLUTION ACT OF 1990**

52. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

53. Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2717(f)(2), the United States is entitled to, and hereby seeks, a declaratory judgment that is binding in any subsequent action or actions against defendant JACK SPENCER STEWART that said defendant is liable for removal costs and damages in any such subsequent action or actions.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(CERCLA, 42 U.S.C. §§ 9601 *et seq*.)**

54. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

55. Pursuant to the CERCLA, 42 U.S.C. §§ 9601 *et seq.*, including, but not limited to 42 U.S.C. § 9607, owners, operators, and other entities pertaining to vessels and facilities from which hazardous substances are released, or which pose the substantial threat of release, into the environment and/or navigable waters of the United States, as defined at 42 U.S.C. § 9601(25) and authorized by Section 104 of the CERCLA, 42 U.S.C. § 9604, are strictly liable for all costs specified in the Act.

56. Defendant JACK SPENCER STEWART is liable to the United States by virtue of Section 107(a) of the CERCLA, 42 U.S.C. § 9607(a), for all response costs, remedial costs, and other costs incurred and to be incurred by the United States in connection with the Removal and Response Action pertaining to hazardous substances on and/or discharged from the REDWING and MECOSTA.

### AND AS FOR A FIFTH CAUSE OF ACTION
### (CERCLA, 42 U.S.C. § 9613(g))

57. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of its complaint.

58. Pursuant to Section 113(g)(2) of the CERCLA, 42 U.S.C. § 9613(g) and 28 U.S.C. § 2201, the United States also seeks a declaratory judgment on liability for response costs that will be binding on any subsequent action to recover further response costs.

### AS AND FOR A SIXTH CAUSE OF ACTION
### 28 U.S.C. § 3001 *et seq.*

59. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

60. Despite the liability, including strict liability, of defendant to the United States, all as alleged in this verified Complaint, on information and belief defendant JACK SPENCER

STEWART, in breach of law, including, but not limited to, in violation of the provisions of the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., has, inter alia, instead of discharging debts owed to the United States, transferred, sold, spun off, and assigned assets so as to prejudice and cause irreparable harm to the United States.

61. Despite the liability, including strict liability, of defendant to the United States, all as alleged in this verified Complaint, on information and belief defendant JACK SPENCER STEWART, in breach of law, may hereafter transfer, sell, spin off, and assign, or attempt to transfer, sell, spin off, and assign his assets, including real property, so as to prejudice and cause irreparable harm to the United States.

62. All such prior and future actions as alleged in the foregoing paragraphs have caused damages, and will cause damages, to the United States in an amount to be established according to proof at trial.

63. All such future actions as alleged in the foregoing paragraphs will continue to cause irreparable harm to the United States. As a result of the foregoing, defendant JACK SPENCER STEWART shall, pursuant to law and statute, be enjoined from further transferring, selling, spinning off, and assigning, or attempting to transfer, sell, spin off, and assign, their assets, including real property, so as to prejudice and cause irreparable harm to the United States.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(PRIORITY OF GOVERNMENT CLAIMS, 31 U.S.C. § 3713)**

64. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

65. Despite the liability, including strict liability, of defendant to the United States, all as alleged in this verified Complaint, on information and belief defendant JACK SPENCER STEWART, in breach of law, has, instead of discharging debts owed to the United States,

VERIFIED COMPLAINT                                10                                 Case No.:

Case 3:19-cv-00010-SLG   Document 1   Filed 01/17/19   Page 10 of 14

transferred, sold, spun off, and assigned assets so as to prejudice and cause irreparable harm to the United States.

66. Despite the liability, including strict liability, of defendant to the United States, all as alleged in this verified Complaint, on information and belief defendant JACK SPENCER STEWART, in breach of law, including, but not limited to, may hereafter transfer, sell, spin off, and assign, or attempt to transfer, sell, spin off, and assign their assets, including proceeds of insurance, so as to prejudice and cause irreparable harm to the United States.

67. All such prior and future actions as alleged in the foregoing paragraphs have caused damages, and will cause damages, to the United States in an amount to be established according to proof at trial.

68. All such future actions as alleged in the foregoing paragraphs will continue to cause irreparable harm to the United States.  Pursuant to law and statute, defendant JACK SPENCER STEWART and his officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on his behalf or with his authorization, are required to discharge their foregoing debt to the United States prior to discharging any other debt or payment.

69. To the extent that defendant JACK SPENCER STEWART, and/or his officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on his behalf or with his authorization, have discharged claims or debts to any other person or entity other than the United States, or in the future discharge claims or debts to any person or entity other than the United States in contravention of, inter alia, 31 U.S.C. § 3713, defendant JACK SPENCER STEWART, and/or his officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on his behalf or with his authorization, are liable to the United States for the amount of any such payments.

70. With respect to any payments in contravention of 31 U.S.C. § 3713, and pursuant to 31 U.S.C. § 3713(b), any and all officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities making such payments are personally liable to the United States for the amount of any such payments.

71. The United States reserves the right to amend this Complaint to add additional claims, causes of action, and parties, including, but not limited to, in their individual capacity, any and all officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities who, in contravention of 31 U.S.C. § 3713(a) and (b), have already discharged, or in the future discharge claims or debts to any person or entity other than the United States.

**WHEREFORE**, the United States of America prays as follows:

1. That United States of America be granted judgment against JACK SPENCER STEWART, pursuant to the complaint of the United States herein;

2. That the United States of America be granted declaratory judgment against JACK SPENCER STEWART, for removal costs or damages binding on any subsequent action or actions to recover further removal costs or damages, plus interest, costs, disbursements, and attorneys' fees;

3. The United States expressly reserves the right to amend this complaint to add parties and/or causes of action, as may be necessary; and

///

///

///

///

///

4. For such other relief as the Court deems just and proper in the premises.

Dated: January 17, 2019

JOSEPH H. HUNT
Assistant Attorney General
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division

s/ Vickey L. Quinn
VICKEY L. QUINN
Trial Attorney, West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice

Of Counsel

HELKEI HEMMINGER
National Pollution Funds Center
United States Coast Guard

Attorneys for Plaintiff
United States of America

## VERIFICATION

Vickey L. Quinn says:

I am one of the attorneys for plaintiff, United States of America, herein, and make this verification by authority for and on its behalf. I have read the foregoing Complaint, know the contents thereof, and from information officially furnished to me believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: January 17, 2019                s/Vickey L. Quinn
                                                    VICKEY L. QUINN